JOHNSON, Judge.
This is an appeal from a final judgment based upon a jury verdict entered in Es-cambia Circuit Court in favor of the plaintiff appellee. Honorable Ernest E. Mason was presiding judge.
Appellant was in 1962 engaged in the sale or construction under contract of houses. A contract was entered into between the appellant and Lige Richardson and Willie Mae Richardson, his wife, wherein appellant agreed to build a house for appellee and her now deceased husband. Approximately 4 years after the completion of the house and the Richard-sons were living therein and making monthly payments, Lige Richardson died, to wit: October 12, 1965. Thereafter the appellee called upon appellant for a pay off of the mortgage on the home appellant had built for her and her husband under the terms of the contract, alleging that said contract provided for appellant to furnish credit life or mortgage insurance upon the life of Lige Richardson for a period of ten years. Suit was filed against the appellant to enforce the appellee’s claim of insurance and attached to her complaint was an unsigned copy of the contract and specification sheet attached thereto, on which was typed in original type: “Company to pay first year Fire & Extended Coverage Insurance, and Ten Years Credit Life Insurance, a copy of which will be mailed to Purchaser upon completeion of house.”
Appellant-defendant answered with a general denial coupled with special defenses of Statute of Limitations and estop-pel to assert any breach of the Building Contract by signing the mortgage and note.
Before the case was submitted to the jury the court determined, and we *22 think correctly so, that the cause of action was based on a written instrument in which the Statute of Limitations was five years and that according to all the evidence, the five year period had not expired and therefore directed a verdict as to the defense of the Statute of Limitations, and so instructed the jury.
The -evidence shows that the original signed copies of the contract between the Richardsons and appellant did not contain the language quoted supra as to the fire insurance and credit life insurance and it was the contention of the appellant that the signed contract was controlling, which did not provide for the questioned insurance. The signed copy of the contract did not show a provision for the Fire and Extended Coverage, either, but it was admitted by appellant that such insurance was provided by the appellant, but excused it by saying that it was necessary because the appellee had not obtained such coverage.
Appellant placed in evidence correspondence from the appellee and appellant’s answer thereto in which appellant disclaims any agreement for credit life insurance. This was in 1962, and inasmuch as Lige Richardson died in 1965, appellant also claims that appellee was estopped from-asserting her claim at this late date. The trial court properly refused to go along with this contention, so that the question boiled down to whether or not the jury believed the provision for credit life insurance typed on appellee’s copy of the contract was placed there by an agent of the appellant or not. This • was a jury question and the jury having by its verdict found in effect that such provision had been placed in appellee’s copy of the contract as a part of the inducement for signing and as a part of the package, the only other factor was the amount of money to be assessed.
We find from the evidence that there was sufficient competent evidence to support the jury’s verdict and that the trial court was not in error in entering the judgment appealed from. Therefore the judgment of the lower court is affirmed.
WIGGINTÓN, C. J., and CARROLL, DONALD K., J., concur.